UNITED STATES v. NADAY et al.

NADAY et al. v. UNITED STATES.

(Circuit Court, S. D. New York. December 22, 1898.)

Nos. 2,560, 2,562.

CUSTOMS DUTIES—CLASSIFICATION—GAUFFRE LEATHER.

"Gauffré leather," in pieces 28 inches wide, and from 32 to 36 inches long, plain on one side, and covered with designs in silver and various colors on the other, was dutiable under the act of August 28, 1894, as "leather not specially provided for," under paragraph 340, and not as manufactures of leather not otherwise provided for, under paragraph 353, or as skins not otherwise provided for, under paragraph 341.[1]

These were applications made both by the United States and by the importers, Naday & Fleischer, for a review of a decision of the board of general appraisers in respect to the classification of certain imported goods.

J. T. Van Rensselaer, Asst. U. S. Atty.

Everit Brown, for importers.

TOWNSEND, District Judge (orally). The merchandise in controversy is "Gauffré leather," imported in pieces 28 inches in width, and from 32 to 36 inches in length. These pieces of leather are plain on one side; on the other, the surface is covered with designs in silver and various attractive colors. They were assessed for duty at 30 per cent. ad valorem, under paragraph 353 of the tariff act of August 28, 1894 (28 Stat. 509), as "manufactures of leather not otherwise provided for." They were claimed to be dutiable by the importers at 10 per cent. ad valorem, under paragraph 340, as "leather not specially provided for"; or, alternatively, at 20 per cent. ad valorem, under paragraph 341, as "skins not otherwise provided for," or as other articles enumerated therein; or at 20 per cent. ad valorem, under paragraph 342, as "leather cut into shoe uppers or vamps or other forms suitable for conversion into manufactured articles." The board of general appraisers, after taking evidence, held that the articles were not "manufactures of leather," but that they were properly dutiable as "skins dressed and finished," and sustained that alternative claim of the importer, under paragraph 341, at 20 per cent. Both the United States and the importers appeal to this court, the United States contending that the original assessment at 30 per cent. was the correct rate, and the importers contending that 10 per cent. was the correct rate.

The article in question is invoiced as "Gauffré leather." The board, while holding that it is included within and dutiable at 20 per cent., under paragraph 341 of said act, find that the article is leather in fact. The appearance of the article indicates that it has been advanced from the condition of a skin to the condition of leather. In view of the decision in Dejonge v. Magone, 159 U. S. 562, 16 Sup. Ct.

---

[1] As to interpretation of commercial and trade terms, see note to Dennison Mfg. Co. v. U. S., 18 C. C. A. 545.

119, and other cases, it cannot be held to be a manufacture of leather; and I think, with considerable hesitation, in view of the shape in which the article comes, that it is not a skin, but "leather not specially provided for," and therefore dutiable at 10 per cent. ad valorem under the provisions of paragraph 340. The decision of the board of appraisers is therefore reversed.